IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00987-BNB

RUSSELL COOLEY,

    Applicant,

v.

RAE TIMME (Warden),

    Respondent.

---

ORDER TO FILE PRELIMINARY RESPONSE

---

As part of the preliminary consideration of the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed on May 7, 2012, in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate.

Because Applicant appeared to be challenging the computation of his federal sentence, *see* ECF No. 1, attachment 1 at 1, the Court originally ordered that the United States Attorney be served.  *See* ECF Nos. 9 and 10.  However, on May 31, 2012, the United States Attorney filed a letter (ECF No. 12) informing the Court that the Office of the United States Attorney for the District of Colorado would not enter an appearance in this case because Applicant is a state and not a federal prisoner, no claims are asserted against a federal agency or employee, and Applicant's custodian – the named Respondent – is warden of the Colorado Territorial Correctional Facility in Cañon City.

Therefore, Respondent is directed pursuant to Rule 4 of the Rules Governing

Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of that decision in the Preliminary Response.  Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.

Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

Dated: June 1, 2012

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge