IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00987-BNB

RUSSELL COOLEY,

    Applicant,

v.

RAE TIMME (Warden),

    Respondent.

ORDER OF DISMISSAL

    Applicant, Russell Cooley, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. On June 2, 2005, Mr. Cooley pleaded guilty in this Court to the unlawful transport of firearms in *United States v. Cooley*, No. 05-cr-00059-RBJ-1. On September 19, 2005, he was sentenced to forty-two months of imprisonment and three years of supervised release. The judgment was entered on the docket on September 27, 2005.

    On April 4, 2012, Mr. Cooley filed in No. 05-cr-00059-RBJ-1 a document titled "Petition for Writ of Habeas Corpus" (ECF No. 57 in No. 05-cr-00059-RBJ-1), asking the Court to vacate a federal detainer and issue statutory discharge documents on the grounds that his federal sentence was fully discharged. *Id.* at 3, ¶ 10. He asserted that the federal detainer prevented him from "progress[ing] normally through his Colorado Department of Corrections concurrent sentence. *Id.* at 3, ¶ 11.

On April 13, 2012, the Honorable R. Brooke Jackson entered an order in No. 05-cr-00059-RBJ-1 noting that Mr. Cooley's claims challenged the computation of his federal sentence imposed in No. 05-cr-00059-RBJ-1 and properly were asserted in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The April 13 order also directed the clerk of the Court to commence a new civil action and file the document titled "Petition for Writ of Habeas Corpus" in the new civil action. *See* No. 95-cr-00059-REB-1 at ECF No. 58.

Pursuant to the order entered in No. 05-cr-00059-RBJ-1, the clerk of the Court opened the instant action on April 13 with the document titled "Petition for Writ of Habeas Corpus" (ECF No. 1). Mr. Cooley cured deficiencies in the instant action by paying on May 4, 2012, the $5.00 filing fee and by submitting on May 7, 2012, an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 8) on the proper, Court-approved form that named the proper Respondent, *i.e.* his warden. In the amended application, Mr. Cooley asserts that the federal detainer has prevented his release on bail in connection with his state sentence. *Id.* at 2.

Because Mr. Cooley's amended application was premised on his federal detainer, Magistrate Judge Boyd N. Boland on May 8, 2012, ordered (ECF No. 9) the United States Attorney to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On May 30, 2012, Magistrate Judge Boland entered a minute order (ECF No. 10) for a preliminary response because the May 8 order was never served on the United States Attorney.

On May 31, 2012, an Assistant United States Attorney filed a letter (ECF No. 12)

informing the Court that the United States Attorney would not enter an appearance in this case because Applicant was a state and not a federal prisoner, no claims were asserted against a federal agency or employee, and Applicant's custodian – the named Respondent – was warden of the Colorado Territorial Correctional Facility.  Therefore, on June 1, 2012, Magistrate Judge Boland entered an order (ECF No. 13) directing Respondent to file a preliminary response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On June 22, 2012, Respondent filed a preliminary response (ECF No. 19).

What is clear from the May 31 and June 22 responses received from the federal and state attorneys is that this lawsuit is premature.  Mr. Cooley currently is serving state sentences in the custody of his state warden, Rae Timme, who is the proper Respondent in this action because, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules); *see also* Rule 1(a) of the Section 2254 Rules (making the Section 2254 Rules applicable to § 2241 applications).  Mr. Cooley must complete his state sentences before he is transferred to federal custody pursuant to the federal detainer lodged against him, and once in federal custody, he may sue the federal warden to have his federal sentence run concurrently with his state sentences.

Under different circumstances, informing Mr. Cooley he must wait until he is in federal custody to raise the issues he raises here might cause concern.  However, the Court notes that when Mr. Cooley attacked his federal sentence through a motion to

vacate pursuant to 28 U.S.C. § 2255 filed in No. 05-cr-00059-RBJ-1, the sentencing judge, in denying his § 2255 motion as untimely, pointed out that his state sentences are not concurrent with his federal sentence:

> On October 6, 2006, Cooley appeared in state court in Weld County, where he pleaded guilty and received a sentence of 120 months in the Colorado Department of Corrections (DOC), to run concurrently with a second state sentence of forty-two months on convictions for aggravated robbery and possession of a controlled substance. The state sentences are not concurrent with the federal sentence. Following the sentencing in Weld County, Cooley was incarcerated in the DOC to begin serving his state sentences.
>
> In his section 2255 Motion, Cooley explains that his guilty plea in federal court was premised on his understandings, developed through discussion with his court-appointed counsel, that he would begin serving his federal sentence first and that, given the fact he would be in federal custody, the Weld County court would very likely order the state sentences to run concurrently with the federal sentence. . . . Cooley's goal in both federal and state plea bargains was, if possible, to obtain concurrent sentences on all federal and state charges. Despite this goal and his understandings with counsel, neither Cooley nor his [federal public defender] requested, in the plea agreement or at the change of plea or sentencing hearings, a federal sentence imposed to be concurrent with any sentence received on his pending state charges.

No. 05-cr-00059-RBJ-1, ECF No. 29 at 2-3 (footnote 2 omitted).

The federal judge in Mr. Cooley's criminal case clearly concluded that his state and federal sentences were not concurrent, and explained that only his state sentences were concurrent with each other. Mr. Cooley may challenge the service of his federal sentence through the Bureau of Prisons' administrative exhaustion process once he is in federal custody. At this time, it not only is premature for Mr. Cooley to attempt to

challenge the service of his federal sentence, but the Court lacks jurisdiction to entertain such a challenge as Mr. Cooley's custodian is not a federal warden. Therefore, the application will be denied.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended application (ECF Nos. 8) are denied and the action is dismissed without prejudice for lack of jurisdiction. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  5th  day of    July   , 2012.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court